IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Kevin Terrell McLean, | ) | C/A No.: 1:22-3694-SAL-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER AND NOTICE |
| Spartanburg County Detention | ) | |
| Center; Spartanburg County; | ) | |
| Chuck Wright; and Michael Morin, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Kevin Terrell McLean ("Plaintiff"), proceeding pro se and in forma pauperis, filed this complaint seeking compensatory damages pursuant to 42 U.S.C. § 1983 against the Spartanburg County Detention Center ("SCDC"), Spartanburg County, Spartanburg County Sheriff Chuck Wright, and Spartanburg County Public Defender Michael Morin. Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

I.      Factual and Procedural Background

This matter arises from Plaintiff's underlying state criminal charges. Plaintiff sues SCDC related to its employees and Spartanburg County "as it relates to the individual offices they employ 'act under authority of law' to keep

me detained as a pretrial detainee." [ECF No. 1 at 5]. With regard to Wright, Plaintiff states "General and special responsibilities involve the provisions of guidance to cover all these specifics that ultimately he is control of." *Id.* He further states that Morin "directs the consulting assistant public defenders by providing oversight in complaints while addressing US Constitutional particular requirements in defense cases where 'incompetent attorney representation' issues have been raised." *Id.*

In the statement of the claim portion of his complaint, Plaintiff states that a Spartanburg Police Officer and a state Magistrate:

> detain[ed] me as a pretrial detainee therefore violating my United States guaranteed constitutional rights. Circuit Public Defender Michael Morin is failing to provide available and useful manpower with the rules and caselaw[] that govern in the courts.

*Id.* at 7.

II.    Discussion

A.    Standard of Review

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction

2

afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

B.    Analysis

1.    *Younger* Abstention

In addition, absent extraordinary circumstances, federal courts are not authorized to interfere with a state's pending criminal proceedings. *See Younger v. Harris*, 401 U.S. 37, 44 (1971); *Nivens v. Gilchrist*, 319 F.3d 151,

158-62 (4th Cir. 2003); *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d 49, 50-53 (4th Cir. 1989). Further, federal district courts should abstain from considering constitutional challenges to state judicial proceedings, no matter how meritorious, if the federal claims have been or could be presented in an ongoing state judicial proceeding. *Cinema Blue of Charlotte, Inc.*, 887 F.2d at 52. Here, Plaintiff can properly present his constitutional claims in his state criminal proceeding.

### 2.    SCDC is not a proper defendant

To state a plausible claim for relief under 42 U.S.C. § 1983, an aggrieved party must sufficiently allege that he was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (3d ed. 2014). Only "persons" may act under color of state law; therefore, a defendant in a § 1983 action must qualify as a "person." For example, inanimate objects such as buildings, facilities, and grounds are not "persons" and cannot act under color of state law. *See Preval v. Reno*, 57 F. Supp. 2d 307, 310 (E.D. Va. 1999) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989)

("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). Here SCDC is not a person subject to suit under § 1983.

### 3.    Public Defender is Not a State Actor

Plaintiff has failed to allege Morin's alleged actions were committed under the color of state law. A criminal defense attorney, whether retained or appointed, does not act under color of state law or federal law, which is a jurisdictional prerequisite for any civil action brought under § 1983. *See Polk County v. Dodson*, 454 U.S. 312, 317–24 nn. 8–9, 12–14 (1981); *see also Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 940 (1982) (finding purely private conduct is not actionable under § 1983).

### 4.    No Supervisory Liability

To the extent Plaintiff sues SCDC, Spartanburg County, and Sheriff Wright for their employees' actions, his claims are subject to summary dismissal. The doctrine of supervisory liability is generally inapplicable to § 1983 suits, such that an employer or supervisor is not liable for the acts of his employees, absent an official policy or custom that results in illegal action. *See Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978); *Fisher v. Washington Metro. Area Transit Authority*, 690 F.2d 1133, 1142–43 (4th Cir. 1982). The Supreme Court explains that "[b]ecause vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions,

5

has violated the Constitution." *Iqbal*, 556 U.S. at 676; *see Slakan v. Porter*, 737 F.2d 368, 372–74 (4th Cir. 1984) (finding officials may be held liable for the acts of their subordinates, if the official is aware of a pervasive, unreasonable risk of harm from a specified source and fails to take corrective action as a result of deliberate indifference or tacit authorization). Because Plaintiff fails to allege any specific actions or omissions by SCDC, Spartanburg County, or Wright, these defendants are subject to summary dismissal.

<u>NOTICE CONCERNING AMENDMENT</u>

Plaintiff may attempt to correct the defects in his complaint by filing an amended complaint by **November 28, 2022**, along with any appropriate service documents. Plaintiff is reminded an amended complaint replaces the original complaint and should be complete in itself. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted). If Plaintiff files an amended complaint, the undersigned will conduct screening of the amended complaint pursuant to 28 U.S.C. § 1915A.  If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the undersigned will recommend the district judge dismiss the complaint without leave for further amendment.

IT IS SO ORDERED.

November 7, 2022
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge