IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Terrell Kevin McLean,<br><br>                              Plaintiff,<br><br>v.<br><br>Spartanburg County Detention Center; Spartanburg County; Chuck Wright; and Officer Xavier Durham,<br><br>                              Defendants. | C/A No. 1:22-cv-03694-SAL<br><br><br>**OPINION AND ORDER** |

This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Shiva V. Hodges, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.) (the "Report"). [ECF No. 14.] In the Report, the Magistrate Judge recommends summary dismissal of this action. Plaintiff filed objections to the Report on December 27, 2022. [ECF No. 16.] In February 2023, Plaintiff submitted a letter to this court seeking clarification in this case. The matter is now ripe for consideration by this court.

**REVIEW OF A MAGISTRATE JUDGE'S REPORT**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of only those portions of the Report that have been *specifically* objected to, and the court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). In the absence of objections, the court is not required to provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to

1

accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citation omitted). A specific objection "requires more than a reassertion of arguments from the [pleadings] or a mere citation to legal authorities." *Sims v. Lewis*, No. 6:17-cv-3344, 2019 WL 1365298, at *2 (D.S.C. Mar. 26, 2019). It must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Thus, "[i]n the absence of *specific* objections . . . this court is not required to give any explanation for adopting the recommendation." *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (D.S.C. 2009).

## DISCUSSION

After a thorough review of Plaintiff's objections, the Report, and the record of this case, the Court finds that Plaintiff's objections are non-specific, unrelated to the dispositive portions of the Report, or merely restate his claims. In his objections, Plaintiff restates his complaints of the conditions of confinement at the Spartanburg County Detention Center and other issues related to his incarceration. [ECF No. 16.] However, he does not identify any errors in the findings or reasoning of the Report.[1] As noted in *Sims*, "a reassertion of arguments" is not a specific objection.

---

[1] The letter submitted by Plaintiff on February 13, 2023, likewise fails to identify any errors in the Report. [ECF No. 19.] Instead, Plaintiff seeks clarification from the court as to what day he was indicted. *Id.* The indictment date identified in the Report—November 18, 2022—is the same true bill indictment date reflected on the Spartanburg County, Seventh Judicial Circuit Public Index. See Case Nos. 2022A4210204148, 2022A4210204149, 2022A4210204150, https://publicindex.sccourts.org/Spartanburg/PublicIndex/PISearch.aspx (last accessed March 1, 2023). The Public Index further indicates the indictments were filed on December 16, 2022, but those dates have no impact on the reasoning offered by the Magistrate Judge or the ultimate

2019 WL 1365298, at *2.  Accordingly, this is a situation where the "party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation."  *Arbogast v. Spartanburg Cty.*, No. 7:11-cv-00198, 2011 WL 587635, at *2 (D.S.C. Nov. 17, 2011) (citing *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)).  Without specific objections to the proposed findings and recommendations, this Court is not required to give any explanation for its adoption of the Report.

After a review of the record, this Court finds that the Report accurately summarizes this case and the applicable law.  Petitioner's objections are general and conclusory in that they merely reassert the purported factual arguments underlying his § 1983 claims and, therefore, do not warrant further explanation.

## CONCLUSION

For the reasons set forth above, the Report [ECF No. 14] is adopted in its entirety and incorporated herein.  As a result, this case is summarily **DISMISSED** without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

Dated:  March 20, 2023                                    s/ Sherri A. Lydon
Columbia, South Carolina                                 United States District Judge

---

disposition of this case.  Plaintiff's letter does not identify any error in the Report and does not contain any specific objection.